IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN ARMAND HARRIS,

    Plaintiff,

v.

STATE OF OREGON, et al.,

    Defendants.

Case No. 3:20-cv-00163-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff, an inmate at the Multnomah County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## **BACKGROUND**

Plaintiff alleges that Defendants have engaged in knowing acts of terrorism when they arrested him for attempted murder,

1 - ORDER TO DISMISS

violating his rights to equal protection, due process, and right to be free from double jeopardy. He also believes he was the victim of an unlawful search and seizure, and that the pending criminal charges against him are frivolous. Plaintiff seeks compensatory and punitive damages in excess of $10,000,000.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v.*

2 - ORDER TO DISMISS

*Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored). The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit--the requirement of a pleading to be "simple,

concise, and direct," applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

In addition, a plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation).

In this case Plaintiff brings suit against a number of municipal entities, but he makes no claim that would establish liability. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978). In addition, to the extent he wishes to complain about his allegedly unlawful arrest, that is the subject of Plaintiff's litigation in another pending case, *Harris v. City of Portland,* 3:19-02041-MO, and his attempt to

4 - ORDER TO DISMISS

litigate the same claim across multiple cases is frivolous. *See e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

The remainder of Plaintiff's Complaint is deficient insofar as it does not include a short, plain statement of his discrete claims, making them difficult to ascertain. In addition, Plaintiff fails to clearly identify how each named Defendant, acting under color of state law, personally participated in the deprivation of a federal constitutional right. In this respect, Plaintiff fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Should Plaintiff wish to continue with this case, he must file an amended complaint within 30 days that: (1) cures the deficiencies with his prior Complaint; (2) names all defendants in its caption; (3) describes how each named defendant personally participated in the deprivation of a federal right; (4) does not incorporate

any prior document by reference; and (5) is on the form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice.

The Clerk is directed to send Plaintiff a civil rights complaint form for his use.

IT IS SO ORDERED.

DATED this 18 day of March, 2020.

_____
Michael W. Mosman
United States District Judge